

FILED

APR - 5 2016

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

LAQUAN OCTAVOUS DRAPER,

    Petitioner

    v.                        **CRIMINAL NO. 2:12cr90-01**

UNITED STATES OF AMERICA,

    Respondent.

### OPINION AND ORDER

This matter comes before the Court upon Laquan Octavous Draper's ("Petitioner") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). ECF No. 175.  In Petitioner asserts two grounds for relief in his § 2255 Motiont: (1) ineffective assistance of counsel for failure to challenge sufficiency of the evidence related to the Got-It Video robbery (Count 2) and (2) insufficient evidence pertaining to the Felon in Possession of a Firearm conviction (Count 21). Id. For the reasons set forth, this Court **DENIES** Petitioner's claim of ineffective assistance of counsel and **DENIES** Petitioner's claim of insufficient evidence. ECF No. 175. Accordingly, Petitioner Motion is **DENIED**. ECF No. 175.

### I.    PROCECURAL HISTORY

On June 20, 2012, Petitioner was named in a twenty-one count indictment in which he was charged with nineteen counts: (1) Conspiracy to Commit Robbery in violation of 18 U.S.C. §1951 (Count 1), (2) fifteen counts of Interference with Commerce by Robbery in violation of 18 U.S.C. §§ 1951 and 1952 (Counts 2, 4-14, 16, and 18-20); (3) Using and Discharging a Firearm

during a Crime of Violence in violation of 18 U.S.C. § 924 (Count 3); (4) two counts of Using and Brandishing a Firearm during Crime of Violence in violation of 18 U.S.C. § 924 (Counts 15 and 17); and Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g) (Count 21). ECF No. 5.

Following a jury trial held between January 9, 2013 and January 23, 2013, the jury found Petitioner guilty of: *thirteen counts* of Robbery (Counts 2, 4, 6, 8, 9, 11, 12, 13, 14, 16, 18, 19, and 20), Conspiracy to Commit Robbery (Count 1), Using and Discharging a Firearm During a Crime of Violence—Here a Robbery (Count 3), and Felon in Possession of a Firearm (Count 21). ECF No. 99. On June 5, 2013 the Court sentenced Petitioner to terms of imprisonment consisting of 240 months on Count 1; a term of 120 months on Count 2 of which 53 months was to be served consecutively and 67 months was to be served concurrently; 120 months on Count 3, to be served consecutively; terms of 240 months each on Counts 4, 6, 8, 9, 11, 12, 13, 14, 16, 18, 19, and 20, all to be served concurrently; and a term of 120 months on Count 21, to be served concurrently. In effect, the sentences added up to 413 months total incarceration. ECF No. 136.

Petitioner appealed his judgment to the Fourth Circuit on June 22, 2013. ECF No. 126. On June 16, 2015, the judgment of this Court was affirmed by the Fourth Circuit and final judgment was entered. ECF No. 169, ECF No. 170.

## II.    PRESENT MOTION

On September 18, 2015, the Clerk recorded Petitioner's § 2255 Motion. ECF No. 175. This motion was timely as Petitioner had placed the motion in the prison mailing system on September 11, 2015 and the motion was then processed on September 12, 2015. ECF No. 175 at 11 and Ex. 1. See Clay v. United States, 537 U.S. 522, 525 (2003)("For the purpose of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes

final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."); U.S. Sup. Ct. R. 13(1) ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals (including the United States Court of Appeals for the Armed Forces) is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."); Houston v. Lack, 487 U.S. 266, 276 (1988) (Establishing the prisoner-mailbox rule, under which a prisoner petition for statute of limitations purposes is "filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk.").

In Petitioner's § 2255 Motion, he asserts two grounds for this Court to vacate judgment: (1) ineffective assistance of counsel for failure to challenge sufficiency of the evidence the Got-It Video robbery (Count 2); and (2) insufficient evidence pertaining to the Felon in Possession of a Firearm conviction (Count 21). ECF No. 175.

The Court ordered the Government to respond to the petition on October 13, 2015. ECF No. 176. Government filed its response December 7, 2015. ECF No. 180. Petitioner did not replied to Government's response within the response period. Petitioner's motion under 28 U.S.C. § 2255 is now ripe.

## III.   28 U.S.C. § 2255: MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

### A.   STANDARD OF REVIEW

Collateral review created by 28 U.S.C. § 2255 allows a prisoner in federal custody to challenge the legality of a federal sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing Court lacked jurisdiction; (3) the sentence imposed was in excess of the maximum amount authorized by law; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255. On such

grounds, the petitioner may move the court to vacate, set aside, or correct a sentence. The Supreme Court has held that § 2255 is the appropriate vehicle by which a federal prisoner may challenge both a conviction and the post-conviction sentence. Davis v. United States, 417 U.S. 333, 343–44 (1974).

When filing a § 2255 petition to vacate, set aside, or correct a sentence, a petitioner "bears the burden of proving his grounds for collateral attack by a preponderance of the evidence." Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998) (citing Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967); Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)). However, a *pro se* petitioner is entitled to have his petition and issues asserted therein construed liberally, and is held to less stringent standards than an attorney drafting such documents. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), *cert denied*, 439 U.S. 970 (1978).

A district court may dismiss a petitioner's § 2255 motion in several clearly defined circumstances. The statute provides that, "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney [and] grant a prompt hearing thereon . . . ." 28 U.S.C. § 2255. Thus, as a corollary, a court may dismiss a § 2255 motion if it is clearly inadequate on its face and if the petitioner would not be entitled to relief assuming the facts alleged in the motion are true. Where the record refutes a petitioner's allegations, dismissal is appropriate. Likewise, if the motion can be resolved exclusively on issues of law, and no questions of fact exist, then summary dismissal is appropriate without an evidentiary hearing. See Green v. United States, 65 F.3d 546, 548–49 (6th Cir. 1995) (finding an evidentiary hearing unnecessary because all claims by petitioner alleged legal errors).

### B.   PROCEDURAL DEFAULT

A motion under § 2255 may not "do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). Thus, any matter that could have been asserted either at trial or on appeal but was not so asserted is not appropriate for review on motion under § 2255 without a showing of "cause" sufficient to excuse the double procedural fault and "actual prejudice" resulting from the error. Id. at 167–68; see also Wainright v. Sykes, 433 U.S. 72 (1977); Davis, 411 U.S. at 241–43 ("We believe that the necessary effect of the congressional adoption of [Fed. R. Crim. P. 12] is to provide that a claim once waived pursuant to that Rule may not later be resurrected, either in the criminal proceedings or in federal habeas, in the absence of the showing of 'cause' which that Rule requires.").

Cause and prejudice are not rigid concepts, "but take their meaning from principles of comity and finality." United States v. Maybeck, 23 F.3d 888, 892 (4th Cir. 1994) (citing Engle v. Isaac, 456 U.S. 107, 135 (1982)) (internal marks omitted). "[I]t is well-settled that ineffective assistance of counsel constitutes cause for failure to raise an issue prior to § 2255 review." United States v. Breckenridge, 93 F.3d 132, 134 n.1 (4th Cir. 1996); See Smith v. Dixon, 14 F.3d 956, 973 (4th Cir. 1994) ("An attorney's ineffectiveness may constitute cause for excusing a procedural default when a petitioner has a constitutional right to effective assistance of counsel and when that assistance is constitutionally ineffective . . . ."). A showing of "actual prejudice" requires a petitioner to establish that the error had a "substantial and injurious effect or influence in determining the jury's verdict." Fry v. Pliler, 551 U.S. 112, 116 (2007) (quoting Brecht v. Abrahamson, 507 U.S. 619, 631 (1993)).

Absent a showing of "cause" and "prejudice" a petitioner may only raise a procedurally defaulted claim in a collateral attack upon a showing that a "miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186

F.3d 490, 493 (4th Cir. 1999) (citing Frady, 456 U.S. at 167–68); Maybeck, 23 F.3d at 891–92.

In other words, a petitioner must establish actual innocence by clear and convincing evidence. Id.

## IV. GROUND ONE: EFFECTIVE ASSISTANCE OF COUNSEL PERTAINING TO THE GOT-IT VIDEO ROBBERY (COUNT 2)

Petitioner's claims his counsel was ineffective for "failure to challenge the sufficiency of the evidence" related to the Got-It Video robbery for which Petitioner was convicted under Count 2 of the indictment. ECF No. 175 at 3. Specifically, Petitioner argues two major instances in which his counsel, Mr. Keith Kimball and Mr. Richard Colgan of the Federal Public Defender's Office, failed to challenge the evidence. First, Petitioner argues that counsel was ineffective in failing to draw out that the witness testimonies regarding the Got-It Video robbery were insufficient to link him to the event, the witnesses were unreliable due to coercion, and that there were inconsistencies in witness accounts. Id. According to Petitioner, "Counsel failed to present that there are no evidence (physically or circumstantial) that connects me to this robbery in any way!" Id. Second, Petitioner presents that the .22 caliber handgun found in the car occupied by the Petitioner and his co-defendant brother at the time of the arrest did not match the .38 caliber bullet found at one of the robberies, and that counsel was insufficient for failing to "press the evidence" related to this discrepancy. Id.

### A. STANDARD OF REVIEW FOR INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

To succeed on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test set forth in Strickland v. Washington. 466 U.S. 668 (1984). First, the petitioner must show that counsel's performance fell below an objective standard of reasonableness. To show that defense counsel's performance was objectively unreasonable, the petitioner must articulate specific acts or omissions whereby counsel's performance fell "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. "Strickland does not

6

guarantee perfect representation, only a reasonably competent attorney." Harrington v. Richter, 562 U.S. 86, 110 (2011). When reviewing the propriety of these alleged acts or omissions, courts must give substantial deference to defense counsel's strategic judgments. Strickland, 466 U.S. at 689–90.

Second, after showing that counsel was deficient, the petitioner must show that he was prejudiced by counsel's deficient performance. Specifically, the petitioner must show that it is "reasonably likely" that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Harrington, 562 U.S. at 111–12 (2011) (citing Strickland, 466 U.S. at 696). "The likelihood of a different result must be substantial, not just conceivable." Id. (citing Strickland, 466 U.S. at 693). The burden is on the petitioner to affirmatively prove prejudice. Strickland, 466 U.S. at 693. A petitioner's failure to satisfy either prong of the Strickland test renders it unnecessary for a reviewing court to consider the other element. United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004).

**B.    ANALYSIS**

Upon reviewing the record, the Court has determined that Petitioner's counsel did not perform below an objective standard of reasonableness on either his testing of the reliability of witnesses or the introduction of the firearm. Counsel tested the reliability of the witnesses in question, Mr. Donald Durst and Ms. Denise Krafft, as to the accuracy and extent of their knowledge. Petitioner claims that Mr. Kimball "failed to acknowledge the facts that; relative to the 'Got It Video Robbery' the witnesses testimonies were not sufficient," specifically the fact that, Ms. Krafft had given an inconsistent statement regarding the color of shirt worn by the robber and that, "Witness Durst stated that he never even saw a 'third' person." ECF No. 175 at 3. However, review of the record shows that Mr. Kimball's cross examination of both witnesses

7

did not fall below the standard of reasonableness.   Notably, on cross examination of Mr. Durst,

the record reveals the following full cross examination of Mr. Durst's knowledge of the event:

> MR. KIMBALL: Let me ask you this: You only saw two of the three men that came into the store, correct?
>
> MR. DURST: Correct.
>
> MR. KIMBALL. And out of those two men you only could determine their race, correct?
>
> MR. DURST. Correct.
>
> MR. KIMBALL. And that was that they were African-American, correct?
>
> MR. DURST. Correct.
>
> MR. KIMBALL. Okay. Their faces were covered, correct?
>
> MR. DURST. Correct.

Trial Tr., ECF No. 155 at 382: 8–17.   As to cross examination of Ms. Krafft, while Mr. Kimball

did not ask the witness about her alleged inconsistent statement as to the color of jacket, he did

walk through that the witness had seen a beige or tan jacket, that there were three robbers, that all

she could determine was their race, and that other than briefly standing to open the cash register

Ms. Krafft stared at the carpet throughout the encounter. Id. at 268:1–271:8.   Upon reviewing

this cross examination, it appears that counsel addressed the reliability of the witness testimony

on cross examination and that counsel practiced strategy in underlining the witnesses' limited

scope of knowledge.

Additionally, Petitioner raises the issue that "Counsel failed to present that there are no

evidence (physically or circumstantial) that connects me to this robbery in anyway," and that the

.22 caliber handgun found in the vehicle at the time of arrest could not be tied to the .38 caliber

bullet found at the scene of the Got-It Video robbery. ECF No. 175 at 3.   More specifically, that

"it is believed that because there was a .22 caliber handgun found in the vehicle at the time of our capture, that is was the gun used for this robbery." Id. Petitioner is correct that the .22 caliber handgun found in the vehicle at the time of his arrest could not have fired the .38 caliber bullet found at the scene of the Got-It Video robbery charged, however, this fact has little relevance given the facts of the case. The Got-It Video robbery occurred on July 2, 2011 while Petitioner was arrested after high speed chase on August 25, 2011. The Government argues and the Court agrees that the .22 Caliber pistol found in the vehicle at time of arrest was relevant and admissible to show that Petitioner—a convicted felon—possessed a firearm at time of arrest; a smaller weapon was relevant to other robberies charged in the indictment; and that defense counsel clearly did not fall below an objective standard of reasonableness for choosing not to stress that one firearm found on the Petitioner somehow exonerated him from one robbery in a string of robberies. ECF No. 180.

As explained by the Government in its reply, "In this case, the evidence was overwhelming that Petitioner, his brother, and (on several occasions) at least two other unidentified individuals participated in 20 robberies and attempted robberies of various commercial businesses across Virginia." ECF No. 180 at 8. This Court agrees, when viewed on the aggregate and considering the wide array of evidence, counsels' performance did not fall below the range of competent assistance with regards to the Got-It Video robbery, nor could petitioner prove that but for counsels' questioning the witnesses as alleged that the outcome of the trial would have been different. Accordingly, Petitioner's claim to ineffective assistance of counsel regarding the Got-It Video robbery is **DENIED**. ECF No. 175 at 3.

## V.   GROUND TWO: SUFFICIENCY OF EVIDENCE AND COUNSEL REGARDING THE FELON IN POSSESSION CONVICTION (COUNT 21)

Petitioner challenges that the sufficiency of the evidence for conviction pertaining to Count 21 of the indictment, which charged him with Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g). Petitioner has previously had an opportunity to address any such claims of insufficiency of evidence upon direct appeal, however, Petitioner again seeks to challenge the sufficiency by pointing to insufficient DNA evidence on the firearm and questions of a witness' reliability. ECF No. 175 at 4. Such a challenge is not cognizable for review under 18 U.S.C. § 2255. Dockery v. United States, 237 F.2d 518, 518–19 (4th Cir. 1956) ("It is elementary that question as to the sufficiency of the evidence cannot be raised upon such a [§ 2255] motion, which cannot be used as a writ of review."); Taylor v. United States, 177 F.2d 194, 195 (4th Cir. 1949). Thus, Petitioner's claim of insufficiency fails.

When construed liberally, Petitioner's claim regarding Count 21 may be interpreted as a second claim of ineffective assistance of counsel given his allegation that after the claim of insufficiency of the evidence, "when I asked counsel to present these issues, he would tell me they were frivolous grounds." ECF No. 175 at 4. Again, to prevail on this claim, Petitioner must show that counsel's performance fell below an objective standard of reasonableness and it is "reasonably likely" that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Harrington, 562 U.S. at 111–12 (2011) (citing Strickland, 466 U.S. at 696). No such failure of counsel nor likelihood of a different result are present here. Counsels' two alleged errors relate Petitioner's claim that counsel failed to properly draw out the sufficiency of the evidence relating to the DNA testing of the firearm, and that counsel did not properly impeach the Mr. Keith Smith, a witness, regarding potential drug use and a prior felony.

Dealing first with the testimony of the DNA expert, Forensic Scientist Betty Jane Blankenship, examined swabs taken from a silver handgun recovered at the time of Petitioner's arrest and determined that there was "not enough DNA" contained in the swab to develop a profile for comparison to the Petitioner. Trial Tr.; ECF No. 163 at 1231: 20-25. Review of the trial record clearly shows that Petitioner's counsel did, in fact, highlight this particular fact at trial:

> MR. COLGAN: With regard to the authentic .22-caliber pistol, the real firearm, you did not find Laquan Draper's DNA on that. Isn't that true?
>
> MS. BLANKENSHIP: Would this be the swab of the .22-caliber pistol?
>
> MR. COLGAN: Yes.
>
> MS. BLANKENSHIP: There was not enough DNA on that to analyze.

Id. at 1258: 11-15. As such, Petitioner was not denied the effective assistance of counsel regarding this particular claim.

Regarding the testimony of Mr. Keith Smith, again, Petitioner does not have a cognizable claim for ineffective assistance of counsel. Mr. Smith was an eyewitness who claimed to have seen Petitioner in possession of a .22 caliber firearm. Id. at 1320: 10-14. Government completed a thorough direct examination, during which traditional impeachment information including the facts that Mr. Smith was serving a sentence for forgery and had a previous conviction for grand larceny, was drawn out in advance of cross examination in a common trial tactic. Id. at 1309: 13-25- 1310: 1-11. When cross-examination did occur, counsel focused not on impeachment evidence but rather the source and depth of the witness's knowledge of the events of the pending charges. Id. at 1332. This Court must give substantial deference to defense counsel's strategic judgments. Strickland, 466 U.S. at 689–90. Accordingly, given the thorough nature of direct examination in preempting impeachment evidence and defense counsel's strategy to focus on the

11

reliability of the witness' memory and direct knowledge, this Court cannot conclude that counsels' performance fell below the objective standard of reasonableness.

Additionally, this Court considers the lack of prejudice to the Petitioner. In consideration of the entirety of the evidence presented at trial, the potential failures of counsel regarding DNA evidence and Mr. Smith's testimony appear inconsequential. At trial, significant evidence was presented regarding of the recovery of the firearm from below the passenger seat in which Petitioner was seated at the time of the high speed chase and arrest. Id. at 1194-1195 and 1214-15. Given the strong evidence establishing the possession of the firearm by Petitioner, this Court cannot conclude that even if Petitioner's counsel had fallen below the effective standard of reasonableness as was alleged, that the Petitioner was prejudiced by any such errors. Accordingly, Petitioner's claim to ineffective assistance of counsel regarding conviction as a Felon in Possession of a Firearm (Count 21), is **DENIED**. ECF No. 175 at 4.

## VI.    CONCLUSION

For the reasons set forth herein, the Court **DENIES** Petitioner's § 2255 Motion. ECF No. 175. Upon review of the trial record, Petitioner's Motion is clearly inadequate on its face, and an evidentiary hearing is therefore unnecessary

The Clerk is **DIRECTED** to forward a copy of this Order to Petitioner and the U.S. Attorney's Office for the Eastern District of Virginia.

**IT IS SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE

Norfolk, VA
April _5_, 2016